IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


ROBERT J. WALTON, III                                                                                    PLAINTIFF

      v.                         Civil No. 6:14-cv-06035

GARLAND COUNTY DETENTION
CENTER; DEPUTY JOHN SCHRODER;
CAPTAIN RONNIE BRANSTETTER;
and DEPUTY C. DELAHUNT                                                                           DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Plaintiff is not currently incarcerated. The events at issue in this case occurred while the Plaintiff was incarcerated in the Garland County Detention Center (GCDC). Plaintiff maintains his constitutional rights were violated when the Defendants failed to protect his from an attack by fellow inmates.

Defendants have filed a Motion to Dismiss (ECF No. 7). Plaintiff has not responded to the Motion. The Motion is now ready for decision.

**1. Background**

According to the allegations of the Complaint, the Plaintiff was being held in protective custody. Protective custody inmates were on one side of the cell block while general population

inmates were on the other side. The two sets of inmates were not supposed to be allowed out at the same time.

On December 11, 2013, at approximately 9:15 p.m., Plaintiff alleges Deputies Schroder and Delahunt were passing out medication to the cell block. Plaintiff's cell was left unlocked.

After the deputies left, two inmates, identified as Malcolm and Randell, entered Plaintiff's cell and instructed him to go to cell #11. Plaintiff alleges there were numerous inmates in that cell waiting to hurt him. Plaintiff states he was jumped on by all the inmates for approximately twenty minutes during which time his clothing was ripped off and his face "broken."

Plaintiff was thrown out into the day-room and was able to make it back to his cell. Plaintiff was found when the officers came to lock down the other inmates. Plaintiff was transported by ambulance to the hospital.

Plaintiff alleges this was not the first time an inmate in protective custody had been attacked that way. He alleges it has happened several times to similarly situated inmates.

Plaintiff also alleges that he submitted several grievances regarding this event and received no responses. As relief, Plaintiff seeks compensatory and punitive damages.

**2. Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants have now moved for dismissal of the case on a number of grounds. First, they maintain that the Garland County Detention Center is not an entity that is subject to suit under § 1983. Second, they contend no claim has been stated against Captain Branstetter. Third, they maintain no constitutional claim is stated by the Defendants' failure to respond to Plaintiff's grievances. Finally, they argue no failure to protect claim is stated against Deputies Schroder and Delahunt.

**(A). The Detention Center**

I agree that the GCDC is not subject to suit. The jail is a building and not a person or a legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*,

868 F.2d 1017 (8th Cir. 1989).

### (B). Failure to Respond to Grievances

"Inmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)(citations omitted); *see also Lombolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)(denial of grievances does not state a substantive constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)(inmates have no constitutional right to grievance procedure); *Blagman v. White*, 112 F. Supp. 2d 534 (E.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure), *aff'd*, 3 Fed. Appx. 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman*, 112 F. Supp. 2d at 542 (*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." Id. (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Plaintiff has not identified a federal constitutional right that he was deprived of because of the alleged inadequacies in the grievance procedures. He makes no argument that he was treated differently from other similarly situated prisoners, or his grievances were ignored because of his

exercise of his constitutional rights, or his ability to exercise any specific constitutional right was chilled by Defendants' actions. No plausible claim has been stated.

### (C). Failure to Protect

"Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Holden v. Hirner*, 663 F.3d 336, 340-41 (8th Cir. 2011)(*citing Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To prevail on his failure to protect claim, Plaintiff must first prove he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. "This is an objective requirement to ensure the deprivation is a violation of a constitutional right." *Holden*, 663 F.3d at 341 (citation omitted). Second, Plaintiff must "establish the prison officials were deliberately indifferent to inmate health or safety. This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded an excessive risk to inmate health or safety." *Id*. (citation and internal quotation marks omitted); *see also Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007)(discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked). "In prison conditions claims, which include the failure-to-protect allegations before us, the subjective inquiry regarding an official's state of mine is one of deliberate indifference to inmate health or safety. An official is deliberately indifferent if he or she actually knows of a substantial risk and fails to respond reasonably." *Whitson v. Stone County Jail,* 602 F.3d 920, 923 (8th Cir. 2010)(internal quotation marks and citations omitted).

Defendants maintain Plaintiff's claim fails because he "does not allege that the Defendants were aware of any particular threat of harm to him by the inmates who assaulted him on December 11, 2013." Doc. 9 at 5. According to Defendants, at most, Plaintiff has alleged that Deputies

Schroder and Delahunt were negligent in their failure to lock the Plaintiff's cell after passing out medication. *Id.*

Defendants err in their belief that Plaintiff must allege they were "aware of a particular threat of harm to him by the inmate who assaulted him." The Defendants focus is too narrow. Plaintiff:

> need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. Moreover, in order to have a viable deliberate indifference claim, a plaintiff is *not* required to allege and prove that the defendant. . . specifically knew about or anticipated the precise source of the harm.

*Nelson v. Shuffman*, 603 F.3d 439, 447 (8th Cir. 2010).

I believe Plaintiff has alleged a plausible claim. Plaintiff was in protective custody' his cell was left unlocked; he was attacked; and he has alleged that such attacks have happened several times to different people housed in protective custody. It could be concluded from this that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm.

At this stage in the case, the Court does not know whether the cell was left unlocked intentionally or accidentally as Defendants suggest. Certainly, a plausible claim is stated particularly in light of the Plaintiff's allegation that this has occurred on a number of occasions.

I agree that no personal involvement on Captain Branstetter's behalf has been alleged. However, I believe a plausible basis for supervisory liability and/or official capacity liability has been stated by Plaintiff's allegations that attacks similar to his had happened several times. *See e.g., Walton v. Dawson*, 752 F.3d 1109, 1119 (8th Cir. 2014)(to be liable on a failure to train claim, jail administrator "only needed to know (1) the jail cells were not being locked at night, and (2) leaving the cells unlocked overnight was an obvious substantial risk to inmate safety").

### 4. Conclusion

For the reasons stated, I recommend that the Motion to Dismiss (ECF No. 7) be **GRANTED in part and DENIED in part.** Specifically, the motion should be granted with respect to the following: (1) the claims against the Garland County Detention Center; and (2) the claims based on alleged inadequacies in the grievance procedure. In all other respects, the motion should be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of February 2015.

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE