IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT J. WALTON, III                                                                               PLAINTIFF

v.                                            Case No. 6:14-cv-06035

JOHN SCHRODER, *et al.*                                                                         DEFENDANTS

## ORDER

Plaintiff, Robert J. Walton, III, submitted this *pro se* action for filing on March 13, 2014. ECF No. 1. Currently before the Court are Plaintiff's failure to follow a Court Order and failure to prosecute.

On March 13, 2014, Plaintiff filed his complaint (ECF No. 1), and the Court granted him *in forma pauperis* status ("IFP"). ECF No. 3. The IFP Order advised Plaintiff to keep the Court apprised of any address changes. On April 9, 2014, Plaintiff filed a Motion for Counsel. ECF No. 10. Plaintiff has not communicated with the Court since April 9, 2014.

On two different occasions, mail sent to Plaintiff at the Garland County Detention Center was returned as undeliverable because Plaintiff was no longer there.[1] On February 11, 2015, the Court entered an Order changing Plaintiff's address to the home address he provided to the detention center when he was booked.[2] The Order was returned as undeliverable on February 20, 2015.

On June 10, 2015, Defendants filed a Motion to Dismiss. ECF No. 19. Defendants stated that they were unable to effect service of correspondence on Plaintiff because Plaintiff had failed

---

[1] Mail was returned as undeliverable on May 8, 2014, and again on February 10, 2015.

[2] The order was mailed to 288 Couchwood Road, Hot Springs, Arkansas 71901.

to keep the Court and Defendants apprised of his current address. ECF No. 19. In light of the Motion to Dismiss, the Court entered a Show Cause Order on January 12, 2016, directing Plaintiff to show cause why his case should not be dismissed for failure to follow the rules of the Court. ECF No. 22. Plaintiff did not respond to the Show Cause Order, and the Order was returned as undeliverable.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> *It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address*, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice*. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2) (emphasis added).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with the Court's Order to Show Cause. Plaintiff has also

2

failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

    IT IS SO ORDERED this 18th day of February, 2016.

    /s/ Susan O. Hickey
    Susan O. Hickey
    United States District Judge